Argued and submitted April 27, title certified April 30, 1982

# PACIFIC POWER & LIGHT COMPANY et al, *Petitioners,*

*v.*

# PAULUS, *Respondent.*

## (SC 28589)

645 P2d 1057

Robert F. Harrington, Portland, argued the cause for petitioners. With him on the petition was Stoel, Rives, Boley, Fraser and Wyse.

Stanton Long, Deputy Attorney General, argued the cause for respondent. With him on the memorandum were David Frohnmayer, Attorney General, William F. Gary, Solicitor General, John A. Reuling, Jr., Chief Counsel, Opinion Section, and Max Rae, Law Clerk.

Before Denecke, Chief Justice, and Lent, Linde, Peterson and Roberts, Justices.

PER CURIAM.

## PER CURIAM

Petitioners have challenged the same ballot title provided by the Attorney General which we have considered in *Bartels v. Paulus,* 293 Or 47, 645 P2d 1059 (1982). We heard oral argument in this case immediately following oral argument in *Bartels,* and we had this challenge in mind when we certified a title to the respondent, Secretary of State, in *Bartels.* These petitioners' challenge is upon different grounds, however, and we shall review their contentions briefly and separately, although the result is the same.[1]

■ ■　Petitioners assert that the provided title is flawed because the measure incorporates by reference certain Oregon constitutional and statutory provisions that the provided title does not mention. The contention that such provisions are incorporated by reference is correct, and petitioners are on firm ground in asserting that the Attorney General must take into consideration those provisions just as if they were set forth in full in the measure. Were those provisions set forth in full in the measure, however, the purpose of the measure would not be changed one whit; therefore, the Attorney General's duty to state the "purpose" and "chief purpose" under ORS 250.035(b) and (c) remains the same in either event. Petitioners have not specified which incorporated provisions require explicit mention to avoid insufficiency or unfairness in the title, and we find that, within the statutorily imposed limitations, the provided title adequately mentions such incorporated provisions to the extent necessary to describe the purpose of the measure.

■　Petitioners have also accurately stated that the provided title fails to estimate the magnitude of the indebtedness that could be incurred if the measure becomes law. One purpose of the measure is to authorize the commission which would be created to borrow money. The Attorney General answers the contention that the provided title is insufficient in failing to estimate the amount which could be borrowed as follows:

---

[1] The statutes with which we are concerned in this case are the same as those cited and quoted in *Bartels v. Paulus,* 293 Or 47, 645 P2d 1059 (1982).

"The legislature has provided a separate procedure for the preparation of reliable estimates of the financial effects of measures and the presentation of those estimates to the voters. *See* ORS 250.125. This statute provides for the formulation of estimates through the joint efforts of the State Treasurer, Department of Revenue, Director of the Executive Department and the Secretary of State. The legislature thus apparently did not intend that speculation as to financial effects of measures be included in ballot titles prepared by the Attorney General.

"ORS 250.125 directs that the financial estimates formulated under it appear in the voters pamphlet and on the election ballots. The voters will be better served if information regarding the financial effects of the measure is omitted from the ballot title, and its limited space used to communicate the significant purposes of the measure." (Footnotes omitted)

We find that answer sufficient to meet the contention of petitioners.

■ ■ Petitioners fault the provided title for failure to "reveal" that the commission would have power to condemn privately owned hydroelectric generating facilities. The Attorney General responds that it is not clear that the commission would have condemnation authority and to state in the title that the commission would or would not have such authority would not be a proper element of his duty. We agree. It is not appropriate for either the Attorney General or this court to anticipate in a ballot title how a measure would be construed or interpreted.

■ Petitioners contend that the provided title is deficient in failing to mention that the new commission would be free from regulation by the Public Utility Commissioner and free from the kind of financial regulation described in ORS Chapter 291. The Attorney General's answer is simply that to mention this feature of the measure would require elimination of mention of other purposes which the Attorney General believes to be at least equally as important. We are unable to say he is wrong in that assessment.

Finally, petitioners assert that the provided title is insufficient in failing to advise the reader that Oregon Department of Energy will, in effect, be abolished, and its

functions transferred to the new "unregulated commission." As the Attorney General points out, the provided title does specify that the new commission would assume the powers of the Department of Energy, and the statutory limit on the number of words in a title does not permit more detail.

We hereby certify to the Secretary of State the title provided by the Attorney General which is set forth in full in *Bartels v. Paulus, supra,* 293 Or at 50, 645 P2d at 1061.